UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

Bankruptcy Case No.  19-40932

Jonathan Smith,
Princess Smith,

Debtor.

_____

## NOTICE OF HEARING AND MOTION TO REOPEN
## CHAPTER 7 BANKRUPTCY CASE

_____

TO:   THE DEBTOR, UNITED STATES TRUSTEE AND ALL OTHER PARTIES
ENTITLED TO NOTICE UNDER FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002(i) and 9010(b) and LOCAL RULES 2002-1 AND 9013-3.

1.      Thomas H. Olive, attorney of record for the above-referenced debtor, Princess

Smith, moves the Court for the relief requested below and gives notice of hearing.

2.      The Court will hold a hearing before Honorable Mychal A. Bruggeman, Judge of

Bankruptcy Court on this motion on ***Wednesday, June 17, 2026 at 9:30 A.M.***  The hearing will be

conducted with the court via WebEx video conferencing https://us-courts.webex.com/us-

courts/j.php?MTID=m594b0fb9729997da1232f37f296571ef.

3.      Any responsive papers to this motion must be filed and served not later than ***June

10, 2026*** which is seven (7) days prior to the time set for hearing (including Saturdays, Sundays

and holidays) ***UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE***

***COURT MAY GRANT THE MOTION WITHOUT A HEARING.***

4.      The Petition commencing this case was filed on March 29, 2019. The debtor's 11

U.S.C. §341 first meeting of creditors was duly conducted on May 6, 2019. A discharge was duly

issued in the debtor's favor on July 8, 2019. The bankruptcy court formally closed the case as a

"no asset" case on July 23, 2019. This case is pending in this Court. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Local Rule 1070-1, Bankruptcy Rules 5005, 5010 and all applicable rules. This proceeding is a core proceeding.

5.      This motion arises under 11 U.S.C. § 350(b), Fed. R. Bankr. P. 5010, 9013, and 9014 and Local Rules 9013-1 and 9013-2.

6.      The above-referenced debtor requests relief with respect to the above-captioned matter and requests that it be reopened so that the debtor can amend the debtor, Princess Smith's, bankruptcy Schedules A/B and C to schedule a pre-existing personal injury claim that was omitted in the initial case filing.  The personal injury claim is solely owned by the Movant, Princess Smith.

7.      The case was filed as a joint case with the debtor, Princess Smith's now ex-husband, Jonathan Smith.  Princess Smith has had no contact with Jonathan Smith for several years.  As stated the asset to be administered is a personal injury claim wholly owned by the Movant.

WHEREFORE, the above-referenced debtor makes application to the court to issue an order reopening the above-captioned matter per 11 U.S.C. §350(b) and Bankruptcy Rule 5010.

Dated: May 7, 2026                          **THOMAS H. OLIVE LAW, P.A.**

By: _/s/ *Thomas H. Olive*_____
Thomas H. Olive   (#14423X)
5270 W. 84th Street, Suite 255
Bloomington, MN 55437
Telephone: (952) 831-0733
Attorneys for Debtor, Princess Smith

2

## VERIFICATION

I, Princess Smith, one of the debtor herein, swears under oath and under penalty of perjury that I have reviewed the **Motion to Reopen Chapter 7 Bankruptcy Case and Memorandum of Law** and that the same are true and correct to the best of my knowledge, information and belief.

Dated: 05/07/2026                 *Princess Smith*
                                                Princess Smith

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:

Bankruptcy Case No.  19-40932

Jonathan Smith,
Princess Smith,


Debtor.

_____

## MEMORANDUM OF LAW
_____

### INTRODUCTION

Per Local Rules 9013-1 and 9013-2 and Bankruptcy Rule 5005, 5010, 9013 and 9014, Debtor, Princess Smith, submits this memorandum in support of the debtor's motion to reopen the debtor's chapter 7 bankruptcy case. The Petition commencing this case was filed on March 29, 2019. The debtor's 11 U.S.C. §341 first meeting of creditors was duly conducted on May 6, 2019. A discharge was duly issued in the debtor's favor on July 8, 2019. The bankruptcy court formally closed the case as a "no asset" case on July 23, 2019.

### FACTS

Debtor, Princess Smith, requests relief with respect to the above-captioned matter and requests that it be reopened so that the debtor can amend the debtor, Princess Smith's bankruptcy Schedules A/B and C to schedule a pre-existing personal injury claim that was omitted in the initial case filing.  The personal injury claim is solely owned by the Movant, Princess Smith.

The case was filed as a joint case with the debtor, Princess Smith's now ex-husband, Jonathan Smith.  Princess Smith has had no contact with Jonathan Smith for several years.  As stated the asset to be administered is a personal injury claim wholly owned by the Movant.

## ISSUE

**The Court should grant Debtor's Motion to Reopen**

## ANALYSIS

11 U.S.C. § 350(b) provides that a case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause. *In re Cohen*, 29 B.R. 227 (Bankr. D. R.I. 1983). The decision to reopen a case lies within the sound discretion of the bankruptcy court. *In re Security Services, Inc.,* 203 B.R. 708 (Bankr. W.D. Mo. 1996). In exercising its discretion to reopen a case a bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice. *Id*. In deciding whether to reopen a case, a bankruptcy court has broad discretion to weigh the equitable factors in each case. *Id*. Although a bankruptcy court generally has authority to reopen a case, *sua sponte*, it may not do so on grounds not stated in a motion unless all parties have notice and opportunity to be heard. *In re Honeycutt*, 198 B.R. 314 (Bankr. E.D. Ark. 1996). A chapter 7 trustee is a party in interest who may move to reopen a bankruptcy case. *In re Stanke*, 41 B.R. 379 (Bankr. W.D. Mo. 1984) (trustee not allowed to reopen a case on other grounds).

Although a motion to reopen a case is excepted from the one-year limitation prescribed in the federal civil rules governing relief from judgment, a motion must be brought within a reasonable time. *In re Ward*, 188 B.R. 398 (Bankr. E.D. Ark. 1995). A case may be reopened where such action will not cause prejudice to creditors or where bad faith is not present or where an omission of a creditor was not intentional. *In re Cummings*, 172 B.R. 268 (Bankr. W.D. Ark. 1994). *See also In re Hocum*, 119 B.R. 723 (Bankr. D. S.D. 1990) (debtors allowed to reopen a case where there was no prejudice to creditors and no bad faith was present); *In re Stanke*, 41 B.R. 379 (Bankr. W.D. Mo. 1984) (trustee not allowed to reopen a chapter 7 case where such action would be prejudicial to a creditor who had expended significant legal fees to determine its priority position).

2

Whether "cause" exists to reopen a case is within the sound discretion of the bankruptcy court. *In re Security Services, Inc.,* 203 B.R. 708 (Bankr. W.D. Mo. 1996). The burden of proving the existence of "cause" rests with the moving party. *In re Cloninger*, 209 B.R. 125 (Bankr. E.D. Ark. 1997). The issue of whether "cause" exists largely depends on whether there are assets that need to be administered and whether or not the grounds for such relief are both practicable and justified given a comparison of the interests of the various parties affected. *In re Wolff*, 175 B.R. 27 (Bankr. E.D. Ark. 1994) (Internal Revenue Service allowed to reopen a case where an accurate determination of a debtor's tax liabilities would benefit all parties). *See also In re Ball*, 181 B.R. 384 (Bankr. W.D. Ark. 1995) (debtor's ex-wife's motion to reopen a case denied because the closing of the case had no effect upon her state court remedies).

The case was filed as a joint case with the debtor, Princess Smith's now ex-husband, Jonathan Smith.  Princess Smith has had no contact with Jonathan Smith for several years.  As stated the asset to be administered is a personal injury claim wholly owned by the Movant.

CONCLUSION

Based upon the above, the debtor respectfully asserts that "cause" exists to justify the reopening of the debtor's bankruptcy case. The debtor respectfully requests the court to reopen the debtor's bankruptcy case accordingly.

Dated: May 7, 2026                                            **THOMAS H. OLIVE LAW, P.A.**

By:  /s/ *Thomas H. Olive*
Thomas H. Olive   (#14423X)
5270 W. 84th Street, Suite 255
Bloomington, MN 55437
Telephone: (952) 831-0733
Attorneys for Debtor, Princess Smith

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Bankruptcy Case No.  19-40932

Jonathan Smith,
Princess Smith,


Debtor.

**ORDER**

An application or motion to reopen this case has been filed and appears to show cause for

such reopening under Fed. R. Bankr. P. 5010 and 11 U.S.C. §350(b).

**IT IS THEREFORE ORDERED:**

1.	This case is reopened as to Debtor Princess Smith.

2.	The United States Trustee may serve as trustee, if authorized, or shall appoint a

trustee if appropriate.

3.	The clerk shall mail a copy of this order to the applicant, and two copies of this

order and the application to the United States Trustee.


Dated: _____	_____
Mychal A. Bruggeman
United States Bankruptcy Court Judge